IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID GREG SCOTT | § | |
| | § | |
| V. | § | A-18-CA-636-LY |
| | § | |
| OFFICER ROBERTS #1399 | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff's Complaint and Motion to Dismiss. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex. Plaintiff alleges Officer Roberts read Plaintiff's mail. Plaintiff also claims he is being retaliated against because he is housed in the same unit as Officer Roberts.

After consideration of Plaintiff's complaint, the Court warned Plaintiff, as currently written, his complaint lacks sufficient facts and is inadequate as a result. The Court further warned, without

1

additional details, Plaintiff's complaint may be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Brown v. Taylor, 829 F.3d 365, 370 (5th Cir. 2016). Accordingly, the Court ordered Plaintiff to file a more definite statement and warned that his failure to do so would cause this Court to recommend that Plaintiff's complaint be dismissed for want of prosecution.

Rather than filing a more definite statement, Plaintiff filed a "Motion to Dismiss." Plaintiff states he "moved for a MOTION TO DISMISS on Grounds that relief was made but is requesting for injunction relief." Because the Court was unable to determine what Plaintiff was requesting in his motion, the Court ordered Plaintiff to advise the Court whether he was asking the Court to dismiss Plaintiff's complaint in this matter. Plaintiff failed to respond to the Court's order. Out of an abundance of caution, the Court reviews Plaintiff's complaint on the merits.

DISCUSSION AND ANALYSIS

A. Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog

the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B. Mail

Plaintiff alleges Officer Roberts read Plaintiff's mail. Plaintiff does not identify whether the mail was general or legal mail. He also does not identify whether the mail was incoming or outgoing.

Prisons routinely open and scan inmates' incoming mail for security purposes and the practice has repeatedly passed constitutional muster. Walker v. Navarro Cnty. Jail, 4 F.3d 410 (5th Cir. 1993) (jail has legitimate interest in opening and inspecting incoming mail for contraband); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991) (inspection of nonprivileged mail does not violate a prisoner's rights); Martin v. Tyson, 845 F.2d 1451 (7th Cir. 1988) (inspection of inmate's personal mail for contraband served a legitimate purpose); Witherow v. Crawford, 468 F. Supp.2d 1253 (D. Nev. 2006), on reconsideration, 2007 WL 2767206 (D. Nev.2007), adhered to, 2007 WL 2509030 (D. Nev. 2007) and aff'd, 2009 WL 2387251 (9th Cir. 2009) (no valid Fourth Amendment claim since plaintiffs had no reasonable expectation of privacy in their mail); Oliver v. Powell, 250 F. Supp.2d 593 (E.D. Va. 2002) (prison policy of opening and reading incoming general correspondence was justified by legitimate penological interests).

Plaintiff's conclusory allegations are insufficient to state a constitutional violation. Accordingly, Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.

C. <u>Retaliation</u>

Plaintiff alleges he is "in a grievance process with Officer Roberts" and Plaintiff is assigned to a unit in which Officer Roberts works. He believes this to be "an attack or retaliation."

"To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." <u>Jones v. Greninger</u>, 188 F.3d 322, 324–25 (5th Cir. 1999). "Mere conclusionary allegations of retaliation" are insufficient. <u>Id.</u> at 325. A prisoner must either "produce direct evidence of motivation" or "allege a chronology of events from which retaliation may plausibly be inferred." <u>Id.</u> (quoting <u>Woods v. Smith</u>, 60 F.3d 1161, 1166 (5th Cir. 1995). The relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation. <u>Johnson v. Rodriguez</u>, 110 F.3d 299, 310 (5th Cir. 1997) (citing <u>Woods v. Edwards</u>, 51 F.3d 577, 580 (5th Cir. 1995)).

Plaintiff's conclusory allegations are insufficient to state a constitutional violation. Accordingly, Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other

actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three strikes list.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on September 26, 2018.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE